**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



---

Federal Building and United States Post Office    Telephone: (605) 945-4490
225 South Pierre Street, Room 211                 Fax: (605) 945-4491
Pierre, South Dakota  57501-2463

February 9, 2009

Wesley D. Schmidt, Esq.
Attorney for Debtor
Post Office Box 84914
Sioux Falls, South Dakota  57118

Doug G. Silvia
5805 West Sioux K Court
Sioux Falls, South Dakota  57106

      Subject:    ***In re Lindsey Nicole West***
                            Chapter 7; Bankr. No. 08-40565

Dear Mr. Schmidt and Mr. Silvia:

      The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgment Voided in Bankruptcy filed by Debtor Lindsey Nicole West.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Debtor's motion will be granted.[1]

      **Summary.**  Doug G. Silvia ("Silvia") obtained a judgment against Lindsey Nicole West in state court for $2,753.30 plus costs of $62.71.  Lindsey Nicole West ("Debtor") subsequently filed for relief under chapter 7 of the bankruptcy code and listed Silvia as an unsecured creditor on her a schedule of liabilities (doc. 1).

      The bankruptcy clerk served a notice of commencement of the case (doc. 6) on Debtor's creditors, including Silvia.  The notice of commencement of case clearly stated the deadline for filing a complaint objecting to Debtor's discharge or to determine the dischargeability of a particular debt was December 9, 2008.

      Neither Silvia nor any of Debtor's other creditors filed a complaint objecting to Debtor's discharge or to determine the dischargeability of a particular debt.  Debtor was therefore granted a discharge under § 727 of the bankruptcy code (doc. 10).

---

      [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re: *Lindsey Nicole West*
February 6, 2009
Page 2

Debtor filed a Motion for Order Directing Clerk of Court to Discharge Judgment Voided in Bankruptcy (doc. 16). Silvia's judgment was listed in Debtor's motion. Silvia filed an objection (doc. 18) to Debtor's motion, in which he stated he did not want the Court to discharge his judgment.

**Discussion**. Section 524(a)(1) of the bankruptcy code provides:

(a)  A discharge in a case under this title –

(1)  voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which the judgment was docketed. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court must enter the order in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

In this case, Silvia received notice of Debtor's bankruptcy. He did not timely object to Debtor's discharge or to the dischargeability of his particular claim. Therefore, his claim was discharged on December 10, 2008, and his judgment was automatically voided on that same date. Debtor is therefore entitled to the relief requested in her motion. The Court will enter an appropriate order.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

CLN:sh

cc: case file (docket original; serve parties in interest)